# EXHIBIT A

MONROE COUNTY CLERK'S OFFICE          THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 2310158

Book   Page   CIVIL

Return To:                              No. Pages: 5
TED A. BARRACO
20 Office Park Way, Suite 116           Instrument: EFILING INDEX NUMBER
Pittsford, NY 14534

Control #:        202001021035
Index #:          E2020000063

Date: 01/02/2020

CAVERLY, KEVIN                          Time: 6:47:53 PM


WALMART, INC.
COCA-COLA BEVERAGES, NORTHEAST INC., f/k/a
COCA-COLA BOTTLING COMPANY OF NORTHERN NEW
ENGLAND,, INC.


| | |
|---|---|
| State Fee Index Number | $165.00 |
| County Fee Index Number | $26.00 |
| State Fee Cultural Education | $14.25 |
| State Fee Records Management | $4.75 |

Employee: RR

Total Fees Paid:     $210.00


State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

REBECCA CASE CAICO

ACTING MONROE COUNTY CLERK



STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

KEVIN CAVERLY,

                Plaintiff,

-vs-

WALMART INC., and
COCA-COLA BEVERAGES, NORTHEAST, INC.,
f/k/a COCA-COLA BOTTLING COMPANY OF
NORTHERN NEW ENGLAND, INC.,

                Defendants.

Index No.

Plaintiff designates
Monroe County as the
Place of Trial
The basis of venue is:
Plaintiff's Residence

**SUMMONS**

Plaintiff resides at
Rochester, New York
County of Monroe

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment may be taken against you by default for the relief demanded in the complaint.

Dated: January 2, 2020

*/s/ Ted A. Barraco*

TED A. BARRACO, ESQ.
Attorney for Plaintiff
Office and Post Office Address:
20 Office Parkway, Suite 116
Pittsford, New York 14534
Tel: (585) 218-0082

STATE OF NEW YORK
SUPREME COURT      COUNTY OF MONROE

_____

KEVIN CAVERLY,

                      Plaintiff,

-vs-

WALMART INC., and
COCA-COLA BEVERAGES NORTHEAST, INC.,
f/k/a COCA-COLA BOTTLING COMPANY OF
NORTHERN NEW ENGLAND, INC.,

                      Defendant.

_____

*Index No.*

**COMPLAINT**

      Plaintiff, by Ted A. Barraco, Esq., Complaining of the Defendant, alleges as follows:

      1. That Plaintiff, Kevin Caverly, is a resident of the County of Monroe and State of New York.

      2. Upon information and belief, Defendant, Walmart, Inc., is a Delaware Corporation, authorized to do business and having offices in the State of New York.

      3. Upon information and belief, Defendant, Coca-Cola Beverages Northeast, Inc., is a Delaware Corporation, and successor in interest to Coca-Cola Bottling Company of Northern New England, Inc. and is authorized to do business and having offices in the State of New York

      4. That on or about July 3, 2018, Defendant, Walmart, Inc., was the owner of, and/or had actual possession and control of real property known as 2150 Chili Ave, Rochester, NY, County of Monroe and State of New York.

      5. That at all times herein referred to, Defendant, Walmart, Inc., maintained and operated a retail store on said property.

1

6. That at said time and place, Defendant Coca-Cola Beverages Northeast, Inc.'s employee was in the process of delivering and shelving said Defendant's products at said retail store when said employee spilled, caused to be spilled or observed a green liquid substance on the floor of an aisle-way of said retail store.

7. That Defendants, and each of them, through their agents, servants or employees, knew or should have known that customers and others would be necessarily passing along aisle ways within said retail store.

8. That Defendants, owed a duty to customers and those persons lawfully upon the premises known as 2150 Chili Ave, Rochester, NY, New York to maintain said property in a reasonably safe and proper condition.

9. That on or about July 3, 2018, while Plaintiff was lawfully on said real property of the Defendant, Walmart, Inc., as a customer, Plaintiff attempted to walk in and near the soft drink aisle upon Defendant, Walmart, Inc.'s said premises when, solely due to the negligence of the Defendants, the Plaintiff was caused to slip, lose his balance and become contorted in an attempt to avoid injury, and in the process did suffer serious personal injuries.

10 That the negligence of the Defendants consisted of:

A. Maintaining the aisle way such that it constituted an unsafe and dangerous condition in that a green liquid substance was allowed to spill and accumulate and remain immediately in the aisle way provided for customers to walk in which did cause him to fall, causing him to suffer personal injuries;

B. Failing to warn Plaintiff or other users of said aisle way of the defective and dangerous condition;

C. Failing to properly inspect, maintain, and clean the aisle in said premises, leaving it in an unsafe and dangerous condition and permitted the unsafe accumulation of a green liquid substance;

D. Failing to properly inspect, maintain and clean the aisle way in and near the aisle of Defendant's said store, leaving said area of accumulated liquid in an unsafe and dangerous condition.

11. That as a result of the Defendants' negligence set forth above, Plaintiff was caused to suffer serious personal injuries, including pain and suffering, temporary and permanent disabilities, and was caused to incur medical procedures and expenses.

12. That the amount of damages sought to be recovered in this action exceeds the limits of all lower courts that might otherwise have subject matter jurisdiction of this cause.

**WHEREFORE**, Plaintiff respectfully demands a money judgment against the Defendants, and each of them, jointly and severally, in an amount sufficient to compensate him for the injuries complained of herein, together with such other relief as to the Court may seem just and proper.

Dated: January 2, 2020

Yours etc.,

TED A. BARRACO, ESQ.
Attorney for Plaintiff
*Office and Post Office Address:*
20 Office Parkway, Suite 116
Pittsford, New York 14534
(585) 218-0082

3